UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | |
| Albert Andrade | ) | **Case No.** 14-49436-705 |
|                 Debtor. | ) | |
| | ) | Chapter 7 |
| | ) | |
| | ) | Hon. Charles E. Rendlen, III |
| | ) | U. S. Bankruptcy Judge |
| | ) | |
| | ) | United States Bankruptcy Court |
| | ) | Thomas F. Eagleton Courthouse |
| | ) | 111 So. Tenth Street, 7th Floor |
| | ) | South Courtroom |
| | ) | St. Louis, MO 63102 |
| | ) | |
| | ) | **Hearing Date:** June 10, 2015 |
| | ) | **Hearing Time:** 9:30 a.m. |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(b)(2) OR ALTERNATIVELY PURSUANT TO 11 U.S.C. § 707(b)(3)**

Now comes Daniel J. Casamatta, United States Trustee (hereinafter referred to as the "UST") for Region 13, through the undersigned counsel, moves the Court to dismiss this case pursuant to 11 U.S.C. § 707(b)(2) or alternatively, if the Motion is not granted with respect to 11 U.S.C. §707(b)(2), the UST requests an order dismissing this matter under 11 U.S.C.§707(b)(3)[1]. In support of this motion, the UST respectfully states that:

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334(a) and (b), 28 U.S.C. §§ 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B). This motion is filed pursuant to 11 U.S.C. § 707(b)(2) and §707(b)(3).

2. Debtor filed a voluntary Chapter 7 petition on February 4, 2014.

---

[1] Unless otherwise noted, all statutory section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

3. The §341 meeting of creditors has been continued to May 4, 2015, 1:30 p.m., Multi-Purpose Room 22.304.

4. The Debtor's Form 22A, filed on December 4, 2014, shows the Debtor is below median, and the presumption does not arise.

5. Pursuant to 11 U.S.C. §704(b)(1)(a), the UST reviewed the material filed by the Debtors. On April 20, 2015, the UST filed a Statement of Abuse (the "10-Day Statement").

6. This Motion was filed within thirty (30) days of the 10-Day Statement and is timely.

## II.     Dismissal Under Section 707(b)

7. Section 707(b)(1) provides for dismissal of a chapter 7 case upon a finding of "abuse" by an individual debtor with "primarily consumer debts." 11 U.S.C. § 707(b)(1). After reviewing the Debtor's Schedules and other materials provided by the Debtor, the UST submits that the Debtor's obligations are primarily consumer debts.

8. Section 707(b)(2)(A)(I) requires the Court to presume that a debtor's chapter 7 filing is abusive "if the debtor's current monthly income reduced by amounts determined under clauses (i), (ii), (iii), and (iv) [of § 707(b)(2)(A)], and multiplied by 60 is not less than the lesser of –

        (I)    25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575.00, whichever is greater; or

        (II)   $10,950.00.

11 U.S.C. § 707(b)(2)(A)(I).

9. Stated differently, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $109.58 per month in monthly disposable income (*i.e.*, less than $6,575.00 to fund a 60 month repayment plan), the filing is not presumed abusive. If the debtor has monthly disposable income of more than $182.50 or more, or $10,950.00 to fund a

60 month plan, the filing is presumed abusive. Finally, if the debtor has between $109.58 and $166.66 per month in disposable income, the case will be presumed abusive if that sum, multiplied by 60, will pay 25% or more of the debtor's non-priority unsecured debts.

10. The Debtor's Schedule I – Your Income indicates the Debtor is employed as a Manager at Custom Complete Automotive, earning a monthly gross income of $2,518.24. The Debtor also lists an additional employer, Hollywood Casino, for which the Schedule I does not appear to include income.

11. The OUST obtained copies of the Debtor's earning statements for his employment with Custom Muffler and Shocks, Inc., and Hollywood Casino. Debtor's gross monthly income earned from his employment with Custom Muffler and Shocks, Inc. for the six months prior to the filing of the bankruptcy is $3,526.73. Debtor's gross monthly income earned from his employment with Hollywood Casino for the six months prior to the filing of the bankruptcy is $1,300.00, for a combined monthly gross income of $4,826.73.

12. Debtor's Schedule J does not list any dependents, however, the Form 22A claims a household size of two. In addition, the OUST has obtained a copy of the Debtor's 2013 Federal Tax Return, which lists no dependents.

13. Debtor's Statement of Financial Affairs, 2-Income other than from employment or operation of business lists 2013 income from pension totaling $792.00. The OUST notes the Debtor's Schedule I and Form 22A fails to include any 2014 income from pension.

**III.    Dismissal Under §707(b)(3)**

14. Even if the presumption of abuse does not arise under § 707(b)(2) or is rebutted, a chapter 7 case may still be dismissed for totality of the circumstances of the debtor's financial situation demonstrates abuse. Section 707(b)(3) provides:

> In considering under [§ 707(b)(1)] whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider –
>
> (A) [whether the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

Section 707(b), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), replaces dismissal based upon a "substantial abuse' under pre-BAPCPA § 707(b) with a mere "abuse" standard.

15. Prior to enactment of the BAPCPA, courts considered a debtor's bad faith, including inaccurate representations to the bankruptcy court, in deciding whether to dismiss a chapter 7 case for cause under § 707(a) or "substantial abuse." *See, e.g., In re Walton*, 866 F.2d 981, 983 (8th Cir. 1989)(noting that "[c]ertainly the court may take the petitioner's good faith and unique hardships into consideration under section 707(b)..."). In addition, under pre-BAPCPA case law, substantial abuse could be found where a debtor had sufficient income to fund a chapter 13 plan, and thus to repay his debts. *Id., see also In re Koch*, 109 F.3d 1285 (8th Cir. 1997).[2]

---

[2]Situations such as *In re Walton*, 866 F.2d 981 (8th Cir. 1989), where the Eighth Circuit upheld the bankruptcy court's dismissal of a debtor's chapter 7 case primarily because of his ability to pay, continue to be grounds for dismissal under the totality of the circumstances prong of amended § 707(b)(3). See 146 Cong. Rec. S11683-11729 (section by section explanation of HR 2415), Dec. 7, 2000.  This legislative history provides:

> [S]ituations in which courts dismiss debtors from Chapter 7 today clearly continue to be grounds for dismissal under HR 2415, including such cases as *In re Lamanna*, 153 F.3d 1 (1st Cir. 1998).  In addition, since the standard is "abuse" rather than "substantial abuse," the courts are clearly given additional discretion to control abusive use of chapter 7 when that is appropriate...
>
> The "bad faith" and "totality of the circumstance" of the debtor's situation is adopted as the appropriate standard.  It is intended that all forms of inappropriate and abusive debtor use of chapter 7 will be covered by this standard, whether

16. Under § 707(b)(3) of the BAPCPA, dismissal is warranted based upon "abuse," including in cases where the totality of the circumstances indicates the debtor has the ability to repay a substantial portion of his or her unsecured debt. That a chapter 7 case may be dismissed for "abuse" under § 707(b)(3) based on the debtor's ability to pay is true even if that ability is not presumed as a result of the "means test" formula under § 707(b)(2). Indeed, because the "abuse" standard of § 707(b)(3) expressly applies when the presumption of abuse under the "means test" does <u>not</u> arise, "passing" the "means test" does not preclude a discretionary finding of abuse by the court. *See, e.g.*, Eugene W. Wedoff, *Means Testing in the New 707(b)*, 79 Am. Bankr. L.J. 231.

B. <u>The Totality Of Circumstances Of The Debtor's Financial Situation Demonstrates Abuse Pursuant to Section 707(b)(3)(B).</u>

17. The UST asserts that this case should be dismissed as an abuse under §707(b)(3)(B), based upon the totality of the circumstances surrounding the Debtor's financial situation, because the Debtor has the ability to repay his debt. Considering the Debtor's income from two sources of employment, the disposable income available for repayment to creditors in a cause under Chapter 13 of the Code would be $1,755.90, per month.

---

> because of the debtor's conduct or the debtor's ability to pay. If a debtor's case would be dismissed today for "substantial abuse" as in *In re Lamanna*, . . .it is intended that the case should be subject to dismissal after HR 2415. . . . In dealing with ability to pay cases which are abusive, the presumption of abuse and the safe harbor protecting debtors from application of the presumption will not be relevant.

Although this legislative history pertains to an earlier version of bankruptcy reform legislation, because the amendment to § 707(b) in the BAPCPA is substantially the same and because there is little legislative history pertaining to the BAPCPA, this section by section discussion may be helpful to the Court.

WHEREFORE, the United States Trustee respectfully requests, pursuant to § 707(b)(1), that the Court dismiss this case, and for such other and further relief as may be just and proper.

        Respectfully Submitted,

        DANIEL J. CASAMATTA
        ACTING UNITED STATES TRUSTEE

        PAUL A. RANDOLPH
        ASSISTANT UNITED STATES TRUSTEE

By: _____
        Martha M. Dahm, Trial Attorney
        Missouri Bar #35410, Federal ID #32791
        Office of United States Trustee
        111 S. 10th Street, Room 6353
        St. Louis, MO 63102
        (314) 539-2982 Phone
        (314) 539-2990 Fax
        martha.m.dahm@usdoj.gov

## CERTIFICATE OF SERVICE

In addition to those parties served with this document by the Court's CM/ECF system, the undersigned served a true and complete copy of this document by first class mail to the following parties at the addresses listed below on this 23rd day April, 2015:

Kristin J. Conwell
Conwell Law Firm LLC
P. O. Box 56550
St. Louis, MO 63156
CHAPTER 7 PANEL TRUSTEE

Michael L. Sokolik
Sokolik Law Firm, LLC
P. O. Box 32853
St. Louis, MO 63132
ATTORNEY FOR DEBTOR

Albert Andrade
6919 Bruno Avenue, #1
St. Louis, MO 63139
DEBTOR

_____
Margaret Slaughter